UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOHN RANDALL,<br><br>                    Plaintiff,<br><br>v.<br><br>NEWREZ LLC,<br><br>                    Defendant. | **REPORT AND RECOMMENDATION TO GRANT IN PART DEFENDANT'S MOTION TO DISMISS (DOC. NO. 5) AND GRANT PLAINTIFF'S MOTION TO REMAND (DOC. NO. 10.)**<br><br>Case No. 2:25-cv-01124<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, John Randall originally brought this case in state court against Newrez LLC.[1]  He claimed Newrez breached a settlement agreement and violated the Fair Credit Reporting Act[2] (FCRA) by providing "inaccurate credit reporting to the credit bureaus."[3]  Newrez removed the action to federal court based on federal question jurisdiction,[4] then moved to dismiss the complaint for failure to state a claim.[5]  After Mr. Randall failed to respond to Newrez's motion, the court ordered him to show

---

[1] (*See generally* Notice of Removal, Doc. No. 1 (removing Case No. 258000372 from the Sandy Justice Court of Utah, Third Judicial District, Salt Lake County, Utah); Ex. A to Notice of Removal, Small Claims Aff. & Summons in Case No. 258000372 (Compl.), Doc. No. 1-1.)

[2] 15 U.S.C. § 1681 et seq.

[3] (Compl. 2, Doc. No. 1-1.)

[4] (Notice of Removal ¶¶ 6–8, Doc. No. 1.)

[5] (Mot. to Dismiss, Doc. No. 5.)

cause why it should not be granted.[6]  In response, Mr. Randall says he does not wish to pursue his FCRA claim and asks the court to dismiss it, then to remand this action to state court so he can proceed solely on his state law claim for breach of contract.[7] Newrez opposes remand, arguing both claims should be dismissed here.[8]

Because Mr. Randall fails to state a claim under the FCRA (and explicitly abandons this claim), the undersigned recommends[9] the district judge grant Newrez's motion in part and dismiss the FCRA claim without prejudice.  Because the court should decline to exercise supplemental jurisdiction over the remaining state law claim, the undersigned recommends the district judge then grant Mr. Randall's motion to remand.

<u>ANALYSIS</u>

To start, Mr. Randall's FCRA claim should be dismissed because he fails to state a claim for which a private cause of action exists and has abandoned this claim.  Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted."[10]  To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its

---

[6] (Order to Show Cause, Doc. No. 8.)

[7] (Pl.'s Resp. to Order to Show Cause [& Mot. to Remand] 1–2, Doc. No. 10.)  The court construed Mr. Randall's response to the order to show cause as a motion to remand and allowed Newrez an opportunity to respond on the issue.  (*See* Docket Text Order, Doc. No. 11.)

[8] (Def.'s Resp. to Mot. to Remand, Doc. No. 13.)

[9] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 7.)

[10] Fed. R. Civ. P. 12(b)(6).

face."[11]  At the motion to dismiss stage, courts accept well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[12]  But courts need not accept a plaintiff's conclusory allegations as true.[13]  "[A] plaintiff must offer specific factual allegations to support each claim"[14]—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15]  Because Mr. Randall proceeds without an attorney, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[16]

In his complaint, Mr. Randall fails to state a claim for which a private cause of action exists under FCRA.  He claims Newrez violated the FCRA by providing "[i]naccurate credit reporting to the credit bureaus," but provides no further details.[17]  To be sure, the FCRA requires entities that "provide information to credit reporting agencies ('furnishers') to accurately report information."[18]  And the statute gives

---

[11] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[12] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[16] *Hall*, 935 F.2d at 1110.

[17] (Compl. 2, Doc. No. 1-1.)

[18] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing 15 U.S.C. § 1681s-2(a)).

consumers a private right of action against those who violate its provisions.[19]  But this right "is limited to claims against the credit reporting agency; it does not extend to furnishers"—like Mr. Randall alleges Newrez to be here.[20]  And although consumers may hold furnishers liable for failing to verify and correct information raised in disputes to a credit reporting agency, Mr. Randall does not allege he initiated the FCRA's dispute process or that Newrez failed to act as required.[21]  Moreover, after Newrez raised these points, Mr. Randall explicitly abandoned his claim.[22]  Accordingly, Mr. Randall's FCRA

---

[19] *See id.* (referencing 15 U.S.C. § 1681n (providing right of action against willful violators); 15 U.S.C. § 1681*o* (providing right of action against negligent violators)).

[20] *Sanders*, 689 F.3d at 1147; *see also Brunson v. Provident Funding Assocs.*, 608 F. App'x 602, 611 (10th Cir. 2015) (unpublished) (explaining the "FCRA allows federal agencies and state officials to enforce" § 1681s-2(a)'s obligations, but "it does not allow consumers . . . a private right of action to do so").  Although Mr. Randall offers little detail about Newrez in his complaint, he bases his claim on its "[i]naccurate credit reporting to the credit bureaus" (Compl. 2, Doc. No. 1-1), suggesting Newrez furnished information to credit reporting agencies.  *See* 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."); 15 U.S.C. § 1681a(b) (defining "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity").

[21] *See Sanders*, 689 F.3d at 1147 (explaining consumers may "enforce the duty of accurate reporting through the FCRA's dispute process" under which a furnisher may be liable when it "receives notice of a dispute from the credit reporting agency" but fails to "perform the verification and correction duties described in 15 U.S.C. § 1681s-2(b)"); *see also, e.g.*, *Nitka v. Nelnet, Inc.*, 763 F. App'x 682, 685 (10th Cir. 2019) (unpublished) (affirming dismissal of FCRA claim where the plaintiff did not allege he "initiated the verification and correction process by notifying credit-reporting agencies of the dispute"—"facts necessary to state a claim under § 1681s-2(b)").

[22] (Mot. to Dismiss 4–5, Doc. No. 5 (arguing no cause of action exists under § 1681s-2(a) and the complaint lacks necessary facts under § 1681s-2(b)); Pl.'s Resp. to Order to Show Cause [& Mot. to Remand] 1, Doc. No. 10 ("Upon further review of the issues

claim should be dismissed without prejudice, where he fails to state a claim for which a private cause of action exists and, ultimately, abandons this claim.[23]

All that remains, then, is Mr. Randall's breach-of-contract claim arising under state law—which should be remanded.  Ordinarily, when all federal claims are dismissed, federal courts should decline to exercise supplemental jurisdiction over state law claims.[24]  In removed cases, once the federal claims are no longer part of the case, "the district court ha[s] discretion only to retain the state claims or relinquish jurisdiction

---

raised in Defendant's Motion to Dismiss . . . , Plaintiff has determined that he does not wish to pursue his federal claim under the [FCRA].")); *see also Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 U.S. App. LEXIS 15965, at *22–23 (10th Cir. June 26, 2023) (unpublished) (affirming dismissal of claim as abandoned where the plaintiff "intentional[ly] relinquish[ed]" the claim); *Mitchell v. Wells Fargo Bank*, 355 F. Supp. 3d 1136, 1154, 1168 (D. Utah 2018) (deeming claims abandoned where party failed to respond to opposing party's arguments for dismissal).

[23] Dismissal should be without prejudice because the court cannot say it is impossible for Mr. Randall to plead a claim under FCRA § 1681s-2(b).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (citation omitted)); *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (explaining dismissal of a pro se pleading should be without prejudice if it is "at all possible that the party . . . can correct the defect in the pleading or state a claim for relief" (citation omitted)).

[24] *See Bauchman ex rel. Bauchman v. West High Sch.,* 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (citation omitted)); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (explaining dismissal of state law claims without prejudice is "the most common response to a pretrial disposition of federal claims").

to the state court."[25]  In exercising this discretion, federal courts consider, among other

things, "the nature and extent of pretrial proceedings, judicial economy, convenience,

and fairness."[26]

Relinquishing jurisdiction over and remanding Mr. Randall's breach-of-contract

claim is appropriate here.  Newrez urges dismissal on the merits, arguing it "has already

incurred the expense of addressing Mr. Randall's claims" in filing its motion to dismiss.[27]

But this, alone, is uncompelling.[28]  This case is in its infancy.  Removal occurred only

five months ago; the parties have conducted no discovery and submitted very little

---

[25] *Am. Bush v. City of S. Salt Lake*, 42 F. App'x 308, 310 (10th Cir. 2002) (unpublished); *see also* 28 U.S.C. § 1367(c)(3) (providing federal courts may decline to exercise supplemental jurisdiction over state law claims if federal claims are dismissed).

[26] *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1141 (10th Cir. 2024) (citation omitted); *see also id.* ("Under § 1367, a district court may decline to exercise supplemental jurisdiction over a state law claim if, among other reasons, it has dismissed all claims over which it has original jurisdiction." (citation omitted)); *Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) (suggesting "it is appropriate, perhaps even advisable, for a district court to retain supplemented state claims after dismissing all federal questions when the parties have already expended a great deal of time and energy on the state law claims").

[27] (Def.'s Resp. to Mot. to Remand 7, Doc. No. 13.)

[28] *See Ball*, 54 F.3d at 669 ("Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." (citation omitted)).

briefing.[29]  Accordingly, the court should decline to exercise supplemental jurisdiction over Mr. Randall's remaining state law claim and remand it to state court.[30]

RECOMMENDATION

Because Mr. Randall fails to state a claim under the FCRA, and abandons this claim, the undersigned recommends the district judge grant Newrez's motion to dismiss[31] in part, dismissing the FCRA claim without prejudice.  And because the court should decline to exercise supplemental jurisdiction over the remaining state law claim, the undersigned recommends the district judge grant Mr. Randall's motion to remand[32] and remand this action to state court.  The parties have the right to object to this Report

---

[29] *Cf. Tufaro*, 107 F.4th at 1143 (upholding decision to retain jurisdiction rather than remand state law claims where there had been "two years of heavy activity in federal court" post-removal, "wide-ranging" discovery and briefing, and the district court had "devoted significant time and resources to preparing the case for trial").

[30] *See, e.g.*, *Robertson v. U.S. Bank Nat'l Ass'n*, No. 19-cv-02909, 2019 U.S. Dist. LEXIS 207121, at *5–6 (D. Colo. Dec. 2, 2019) (unpublished) (finding remanding the remaining state law claims, rather than dismissal without prejudice, was in "the interest of judicial economy" and would "avoid any undue prejudice to the parties, such as delay in th[e] proceeding").

[31] (Doc. No. 5.)

[32] (Doc. No. 10.)

and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[33]

DATED this 19th day of May, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[33] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

8