UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN RANDALL,<br><br>     Plaintiff,<br><br>v.<br><br>NEWREZ LLC,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [14] REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-01124-DBB-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is United States Magistrate Judge Daphne A. Oberg's Report and Recommendation.[1] It recommends granting in part Defendant's Motion to Dismiss[2] and granting Plaintiff's Motion to Remand.[3]

## BACKGROUND

Plaintiff claims that Defendant breached a settlement agreement and violated the Fair Credit Reporting Act ("FCRA").[4] Defendant removed the action to federal court based on federal question jurisdiction,[5] then moved to dismiss the complaint for failure to state a claim.[6] In

---

[1] R. & R. ("R&R"), ECF No. 14, filed May 19, 2026.
[2] Mot. to Dismiss ("MTD"), ECF No. 5, filed December 18, 2025.
[3] Pl. John Randall's Response to Order to Show Cause ("MTR"), ECF No. 10, filed February 19, 2026. The Magistrate Judge construed this response as a motion to remand. Order, ECF No. 11, filed February 27, 2026.
[4] Compl. at 2, ECF No. 1-1, filed December 11, 2025.
[5] Notice of Removal ¶¶ 6–8, ECF No. 1, filed December 11, 2025.
[6] MTD.

1

response, Plaintiff requested that the court dismiss the FCRA claim and remand the case to proceed only on the breach of contract claim.[7]

The Magistrate Judge first recommended granting Defendant's motion to dismiss on the FCRA claim on the basis that Plaintiff has abandoned this claim.[8] The Magistrate Judge next recommends granting the motion to remand on the basis that the court should decline to exercise supplemental jurisdiction over the remaining state law claim.[9]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection.[10] This court "reviews unobjected-to portions of a report and recommendation for clear error."[11] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[12]

## DISCUSSION

No objections were filed, and therefore, the Report and Recommendation is reviewed for clear error. The magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendation.

---

[7] MTR 1–2.

[8] R&R 4–5, 7.

[9] *Id.* 5–7.

[10] Fed. R. Civ. P. 72(b)(3).

[11] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

[12] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

**ORDER**

For the reasons stated above, the court:

1.  ADOPTS the Report and Recommendation.[13]

2.  GRANTS in PART Defendant's Motion to Dismiss.[14] Plaintiff's Fair Credit

    Reporting Act claim is dismissed without prejudice.

3.  GRANTS Plaintiff's Motion to Remand.[15]

4.  The Clerk of the Court is directed to remand and then close this case.

Signed June 4, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[13] ECF No. 14.
[14] ECF No. 5.
[15] ECF No. 10.

3